UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
———————————————————————————X

EWART BURTON

                Plaintiff,

- against -

THE CITY OF NEW YORK POLICE
DEPARTMENT; UNDERCOVER OFFICER
#155, individually; POLICE OFFICER
BILLY CHOI, individually; JOHN DOES
1 THROUGH 5, individually,

                Defendant.
———————————————————————————X

MEMORANDUM
AND ORDER
14-CV-7158 (WFK)(RER)

**WILLIAM F. KUNTZ, II, United States District Judge:**

On December 4, 2014, Plaintiff Ewart Burton filed this *pro se* action pursuant to 42 U.S.C. § 1983 against the New York City Police Department ("NYPD") and seven of its police officers. Plaintiff alleged false arrest, as well as fraud and false statement claims under 18 U.S.C. § 1001. On December 5, 2014, Plaintiff filed an Amended Complaint adding claims for harassment, malicious prosecution, malicious abuse of criminal process, and false imprisonment. The Court now holds that Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915; the claims against Defendant NYPD are dismissed; and the remaining claims may proceed against the other Defendants as set forth below.

## Background

The following facts are drawn from Plaintiff's Complaint and Amended Complaint,[1] the

---

[1] Although an amended complaint completely replaces a complaint, *Arce v. Walker*, 139 F.3d 329, 332 n.4 (2d Cir. 1998) ("It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect.") (quoting *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)), given Plaintiff's *pro se* status, the Court considers both the

—1—

allegations of which are assumed to be true for purposes of this Memorandum and Order. The Court also takes judicial notice of Plaintiff's two prior actions in this Court. *See Sherwyn Toppin Mktg. Consultants, Inc. v. City of New York*, 08-CV-1340 (E.D.N.Y. 2008) (Korman, J.) (closed March 20, 2013); *Sherwyn Toppin Mktg. Consultants, Inc. v. Gluck*, 11-CV-3951 (E.D.N.Y. 2011) (Brodie, J.) (closed Sept. 27, 2012).

Plaintiff has been the general manager of Temptations Tavern, a nightclub located in Brooklyn, since its opening in 2004. That nightclub has been the subject of four nuisance abatement actions brought by the City of New York, and on two occasions Plaintiff and the Temptations Tavern have filed civil rights actions in this Court against the City of New York and law enforcement individuals regarding the nuisance investigations and the enforcement actions. In addition, two actions were filed in 2007 in the United States District Court for the Southern District of New York arising from two 2006 arrests. As Temptation Tavern's general manager, Burton has been issued twenty-five summonses and has been arrested ten times. *Sherwyn Toppin Marketing Consultants*, Dkt. 63 at 2 (Sept. 5, 2012).

In this action, Plaintiff raises claims arising from: 1) his March 5, 2011 arrest at 6:15 a.m. on charges of obstructing governmental administration in the second degree, and 2) violations of New York State Alcoholic Beverage Control Code for failure to allow inspection and allegedly selling alcohol after 4 a.m. *See* Dkt. 1 at 1, 2.[2] All three charges were dismissed after trial on

---

Complaint and Amended Complaint.

[2] Although the individual officers named herein were not named as defendants in *Sherwyn Toppin Marketing Consultants*, the facts surrounding Plaintiff's March 5, 2011 arrest and the previous court's finding of probable cause for two of the offenses are set forth in a prior order granting summary judgment to the defendants. *See* 11-cv-3951, Dkt. No. 63 at 12-15. Further, Plaintiff's false arrest claim appears to be barred by the § 1983 three-year statute of limitations, *Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 331 (2d Cir. 1997), because his §

—2—

December 4, 2013. *Id.* at 3. Plaintiff alleges that the charges also formed the basis for a nuisance abatement enforcement proceeding, which was decided in Plaintiff's favor in mid-2011. Plaintiff seeks damages and unspecified injunctive relief. *Id.* at 3-4.

## Standard of Review

Under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is: (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. The Court construes Plaintiff's *pro se* pleadings liberally, because they allege civil rights violations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). While detailed factual allegations are not required, a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. 544, 555 (2007)). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

## Discussion

As an initial matter, to the extent that Plaintiff seeks to bring a claim under 18 U.S.C. § 1001, that claim is dismissed. Criminal prosecutions are within the province of the prosecutors who have unreviewable discretion over the decision not to prosecute. *See Leeke v. Timmerman*,

---

1983 false arrest claim accrued at the time of his arraignment, *see Wallace v. Kato*, 549 U.S. 384, 397 (2007).

454 U.S. 83, 85-86 (1981) ("'a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.'") (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)); 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff also names the New York City Police Department (NYPD) as a defendant to this action. However, the NYPD is a non-suable agency of the City. *See Jenkins v. City of New York*, 06-CV-0182, 2007 WL 415171, at *11 n. 19 (2d Cir. Feb. 6, 2007). Therefore, Plaintiff's § 1983 claim against the NYPD is dismissed for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff's claims against Undercover Officer #155 and Police Officer Billy Choi, Shield Number 12270, and the unknown police officers, John Doe One through Five, may proceed. Pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997) (*per curiam*), the Court requests that Corporation Counsel ascertain the full name and service address of Undercover Officer #155 involved in Plaintiff's arrest on March 5, 2011 at 6:15 a.m. at 2210 Church Avenue, Kings County, New York, along with the service address for Police Officer Billy Choi. Corporation Counsel need not undertake to defend or indemnify these individuals at this juncture. This order merely provides a means by which Plaintiff may name and properly serve the Defendants as instructed by the Second Circuit in *Valentin*. As to the John Doe Defendants, Plaintiff has provided no identifying information for them beyond stating that they are NYPD police officers or detectives or alleged any facts concerning an alleged constitutional violation by them; Defendants need not attempt to ascertain their full names or service address at this juncture.

## Conclusion

Plaintiff's 42 U.S.C. § 1983 claims against the NYPD are dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). No summons shall issue as

to this Defendant. Plaintiff's claim of fraud and false statements in violation of 18 U.S.C. § 1001 is also dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff's § 1983 claims against the remaining Defendants may proceed. Pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997) (*per curiam*), Corporation Counsel is hereby requested to produce the information specified above regarding the identity and service address of Police Officer Billy Choi and Undercover Officer #155 within thirty days of this Order. Once this information is provided, Plaintiff's Complaint shall be deemed amended to reflect the full name of these two Defendants, summonses shall be issued, and the Court shall direct service on them. A copy of this Order shall be served on the Special Litigation Division of the Corporation Counsel. A courtesy copy of the same documents shall also be served on the Corporation Counsel for the City of New York, Special Federal Litigation Division. The case is referred to the Honorable Ramon E. Reyes, Jr., United States Magistrate Judge, for pretrial supervision. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court shall send a copy of the Complaint, Amended Complaint, and this Order to the New York City Law Department. The Clerk of Court shall also send a copy of this Order to Plaintiff.

**SO ORDERED.**

/S/ Judge William F. Kuntz, II
William F. Kuntz, II
United States District Judge

Dated: Brooklyn, New York
December 30, 2014